FILED
2009 DEC 17 PM 3:49
U.S. BANKRUPTCY COURT
BRUNSWICK, GA
SAMUEL L. KAY, CLERK

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

| | |
|---|---|
| IN RE:<br>MARVIN B. SMITH III<br>SHARON H. SMITH<br><br>  Debtors<br><br>MARVIN B. SMITH III<br>SHARON H. SMITH<br><br>  Objecting Debtors<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS INC.<br>AS SERVICING AGENT FOR<br>HSBC BANK USA,<br>NATIONAL ASSOCIATION AS<br>TRUSTEE FOR THE HOLDERS OF<br>BCAP LLC TRUST 2006-AA2<br><br>  Creditor Respondent | CHAPTER 7 CASE<br>NUMBER <u>07-20244</u> |

### REPORT AND RECOMMENDATION TO THE UNITED STATES DISTRICT COURT ON OBJECTION TO APPELLEE DESIGNATION OF CONTENTS FOR INCLUSION IN RECORD ON APPEAL

Debtors Marvin B. Smith III and Sharon H. Smith, pro se, seek an order striking as untimely the Appellee Designation of Contents for Inclusion in Record on Appeal ("Appellee Designation") filed by Countrywide Home Loans Inc., in connection

AO 72A
(Rev. 8/82)

with the Smiths' appeal currently pending in the United States District Court for the Southern District of Georgia (In re Smith, Ch. 7 Case No. 07-20244, Order Denying Motion to Vacate Consent Order, Dkt. No. 206 (Bankr. S.D. Ga. July 16, 2009), appeal docketed, Smith v. Countrywide Home Loans Inc., No. 2:09-cv-140 (S.D. Ga. Sept. 4, 2009)). I recommend that the Objection to Appellee Designation of Contents for Inclusion in Record on Appeal ("Objection") be overruled for the reasons that follow.[1]

## FINDINGS OF FACT

The Smiths assert that the Appellee Designation was not timely filed, and Countrywide does not dispute this fact. Under the Federal Rules of Bankruptcy Procedure ("F.R.B.P."), "within 10 days after the service of the appellant's statement [of the issues to be presented] the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal." F.R.B.P. 8006.

---

[1] I submit a report and recommendation rather than rendering a decision, because the relevant documents originally filed in the bankruptcy case have all been transmitted to the District Court and docketed in the appeal. See Case No. 2:09-cv-140, Dkt. No. 10 (Appellee Designation of Contents for Inclusion in Record on Appeal); No. 11 (Objection to Appellee Designation of Contents for Inclusion in Record on Appeal); No. 12 (Order Permitting Response to Objection to Appellee Designation of Contents for Inclusion in Record on Appeal); No. 13 (Appellee's Response to Appellants' Objection to Appellee's Designation of Contents for Inclusion in Record on Appeal).

On July 27, 2009, the Smiths timely filed a Notice of Record and Issues on Appeal. (Ch. 7 Case Dkt. No. 218.) Under Rule 8006, Countrywide should have filed its Appellee Designation no later than August 6, 2009. It was not until three months later, however, on November 9, 2009, that the Appellee Designation was finally filed. (Ch. 7 Case Dkt. No. 292.)

The Smiths object that the Appellee Designation was "extremely untimely." (Ch. 7 Case Dkt. No. 294 (Obj.) 2, prayer for relief ¶ 1.) They note that by the time the Appellee Designation was filed, the record on appeal had already been transmitted to the District Court and briefs had been filed by both parties. (Obj. ¶¶ 4, 5.) Further, the Smiths' motion to reconsider Countrywide's bankruptcy claim had been pending in the appeal for nearly a month. (Obj. ¶ 7.) The Smiths do not, however, allege any prejudice from the untimely filing or any bad faith or prejudicial intent on the part of Countrywide.

Countrywide argues that Rule 8006 permits rather than requires the filing of an appellee designation and that "the crux of the matter" is whether the Smiths' rights have been prejudiced by the delay. (Ch. 7 Case Dkt. No. 311 (Resp.) 2.) Countrywide also argues that its designation was not filed in bad faith or with any prejudicial intent and asserts that "[a] complete record

would be beneficial to the parties as well as the district court in deciding this matter on appeal." (Id. at 3.)

### CONCLUSIONS OF LAW

Countrywide's arguments are well-taken. The dispositive question here is whether the Smiths' rights have been prejudiced by Countrywide's three-month delay in designating additional documents for inclusion in the record on appeal. The answer is no, the delay was not prejudicial. The appeal has proceeded notwithstanding, both parties having filed briefs and other papers that still are pending. Further, there is neither any allegation nor any evidence that Countrywide acted in bad faith or with prejudicial intent in the untimely submission.

In concluding that the question of prejudice is the primary consideration here, I first note the dearth of case law addressing the failure of the appellee, rather than the appellant, to file timely a designation. Rarely would this issue be adjudicated, given that "[t]he burden of presenting the appellate court with an adequate record is squarely upon the appellant," 10 Collier on Bankruptcy ¶ 8006.03[1] (15th ed. rev. 2007).

Second, I distinguish the issue here from the policy issue in Brake v. Tavormina (In re Beverly Mfg. Corp.), 778 F.2d 666 (11th Cir. 1985). There, the Eleventh Circuit established the standard for dismissal when an appellant fails to file timely a brief under Rule 8009(a)(1). Under In re Beverly, an appellant's failure to file a brief may result in dismissal of the appeal if the court finds bad faith, negligence, or indifference. Id. at 667. The Beverly standard also has been applied, however, in the context of Rule 8006 when an appellant fails to file timely a designation of the record and statement of issues on appeal. See, e.g, Atkinson & Mullen Travel, Inc. v. Suncoast Airlines (In re Suncoast Airlines, Inc.), 121 B.R. 403 (S.D. Fla. 1990).

To dismiss an appeal on a finding of the appellant's bad faith, negligence, or indifference to mandatory filing deadlines "is consistent with the policy of encouraging swift prosecution of appeals." Suncoast, 121 B.R. at 405. The standard applied to the appellant's failure goes to the question of dilatory conduct, because the appellant's dilatory conduct delays the progress of the appeal, subverting the policy of swift prosecution.

That policy is not implicated where the issue is the *appellee's* untimely filing of a document that was not required to

be filed in the first place. Accordingly, the primary consideration in whether to strike an appellee's untimely designation is whether the rights of the appellant are prejudiced by the delay. Bad faith and prejudicial intent may be considered as well.

### RECOMMENDATION

No prejudice having resulted from the untimely filing of the Appellee Designation of Contents for Inclusion in Record on Appeal, I respectfully recommend that the District Court overrule the Smiths' Objection.

_____
JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 17 day of December, 2009.